Buster Brown Company v. Valley Dry Goods Company.

[47 South. 549.]

1. CONTRACTS.  *Construction.*
> A construction making a contract fair and reasonable is to be preferred to one making it unfair and unreasonable.

2. SAME.  *Exclusive rights.*
> A contract by which plaintiff was to furnish defendant its "advertising service" consisting of one "cut" per week, for which defendant was to pay three dollars a week, have the exclusive right to use the same in the city of his residence, and hold the "cuts" subject to plaintiff's order when the contract expired, did not preclude plaintiff from furnishing "cuts" to other parties in said city.

From the circuit court of Warren county.

Hon. John N. Bush, Judge.

The Buster, etc., Co., appellant, was plaintiff in the court below; the Valley, etc., Co., appellee, was defendant here. From a judgment in plaintiff's favor for much less than the sum demanded in the suit it appealed to the surpeme court.

The appellee, a dry goods dealer in Vicksburg, Miss., entered into a contract with appellant for its advertising service for a year, consisting of certain cuts, type, etc., suitable to its business.  The contract was evidenced by a writing, duly accepted, in these words:

"Gentlemen: For one year, beginning right away, ship us by

express at our expense, your 'ad service,' consisting of one Buster Brown cut for each week. We agree to pay you net cash on receipt at the rate of three dollars per week, we to have the exclusive right to use same in our city only, and to hold said type and cuts subject to your order when this contract expires."

After entering into this contract, and after appellee had begun to use the cuts, appellant sold other advertising cuts to Rice & Co., furniture dealers in the city of Vicksburg. After some months had elapsed and appellee had failed to pay any further installments of the contract price, appellant brought suit for $121, being the amount alleged to be due at the date of suit. Appellee defended on the ground that under the terms of the contract he was entitled to the exclusive use of all "Buster Brown" advertising matter in the city of Vicksburg. The contention of appellant, however, was that the word "exclusive" in the contract meant that appellee was to have the exclusive use of the particular cut sent it each week, and that it did not prevent appellant from selling other cuts to other dealers in Vicksburg, since appellee could not expect, for the small sum of three dollars a week, that appellant would be debarred the privilege of furnishing its advertising matter to other subscribers in that city. The court refused a peremptory instruction for plaintiff below, and the jury returned a verdict for $16; that amount being admitted by defendant, and judgment was rendered for said last named sum in plaintiff's favor.

*R. V. Boolhe,* for appellant.

The whole controversy centers in and circles around the meaning of the word "exclusive" as used in the contract.

Plainly and emphatically beyond question, it seems to me, according to all rules of construction, the word means, that the Buster Brown Company obligated itself simply not to duplicate in the city of Vicksburg the same advertising cuts it was sending to the Valley Dry Goods Company; this and nothing more.

Otherwise appellant, under the meaning given to this word by appellee, and, strange to say, by the learned circuit judge, would have been debarred the privilege of furnishing advertisement cuts to a dramshop, a livery stable, a furniture house or any other, the innumerable kinds of business that make up the commercial life of the city.

Such a construction as that given to this word by appellee in the connection in which it is used is entirely at variance with the meaning of business language, and well nigh shakes the foundations of good common sense. Even the justice of the peace before whom the case was first tried saw the point and promptly gave judgment for plaintiff for the full amount sued for, $121, and this court I believe will approve his finding.

I invite the court to a careful consideration of the evidence of the witness Leyens, from which your Honors will observe that he was permitted to roam at large over the field of oral testimony against the objection of plaintiff, in his effort to overthrow, vary and contradict the terms of this written contract, in plain violation of one of the simplest rules of the law of evidence.

The circuit court should have granted plaintiff's peremptory instruction, and its motion for a new trial.

*Hudson & Fox,* for appellee.

The art of advertising has developed into a science which is now sold as a commodity; and the merchant who can buy it to best advantage occupies a conspicuous position in the public eye; and is the one who commands the trade. Therefore the contriver who can create the most unique attraction in this respect is a much sought after individual, and his invention always commands a good price; and in order to make the idea more valuable, they sometimes agree to sell the merchant the *exclusive right* to this idea, in their neighborhood, so as to make it more conspicuous; and that was the motive which induced the appellee to make the contract in this case, to wit: The *exclusive*

*right* to cuts to be inserted in the weekly newspapers in Vicksburg, advertising men's clothing, boy's clothing, hats, shoes, carpets, and dry goods.

The word "exclusive" in this contract means to the exclusion of all others in Vicksburg. Therefore if the appellant after selling the exclusive right to cuts, to advertise carpets in the city of Vicksburg, the appellant subsequently sold to Rice, a furniture man in Vicksburg, the same or similar cuts of advertising carpets, the appellant violated the most important feature in this contract, to wit: The exclusive right, which was the only inducement that caused the appellee to purchase.

MAYES, J., delivered the opinion of the court.

In Page on Contracts, vol. 2, § 1121, in announcing the principle for guidance in the construction of contracts, it is said: "As between two constructions, each probable, one of which makes the contract fair and reasonable and the other of which makes it unfair and unreasonable, the former should always be preferred." With this rule as our guide, and applying it to the contract in this case, we conclude that it was not the intention of the Buster Brown Company to grant to the Valley Dry Goods Company the exclusive right to anything except the one cut sent it each week. It would be both an unfair and unreasonable deduction, from the words used in the contract, to conclude that for the small sum of three dollars a week it was the intention to contract away its entire service for the whole city of Vicksburg. The contract only means that the one cut a week sent to the Valley Dry Goods Company should be its exclusively, and that the Buster Brown Company should not be privileged to allow any other concern in the city of Vicksburg the use of the same cuts or characters.

The peremptory instruction for plaintiff should have been granted, and, because it was not, the judgment is reversed and cause remanded.                    *Reversed.*